UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE A. JAMIL,

    Petitioner,                                        Civil No. 00-CV-73826-DT
                                                     HONORABLE PAUL D. BORMAN
v.                                              UNITED STATES DISTRICT JUDGE

GREGORY McQUIGGIN,

    Respondent,
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO REINSTATE THE HABEAS PETITION, AMENDING CAPTION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND THE RULE 5 MATERIALS .</u>**

Petitioner originally filed a petition for writ of habeas corpus with this Court on August 25, 2000, in which he challenged his convictions for second-degree murder and felony-firearm. On March 30, 2001, this Court dismissed the petition without prejudice because petitioner had failed to exhaust all of his claims with the state courts. This Court further indicated that petitioner could move for reinstatement of his petition within 60 days of the issuance of a final decision on his post-conviction motion by the Michigan Supreme Court. Petitioner has now filed a motion to reinstate the petition and for leave to file an amended petition for writ of habeas corpus. For the reasons stated below, petitioner's motion to reinstate the petition for writ of habeas corpus to the Court's active docket is **GRANTED.** The Court will further order that the caption be amended to reflect that petitioner's current warden is Gregory McQuiggin. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further order that the

1

Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file an answer to the amended petition and the Rule 5 materials within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Gregory McQuiggin, the warden of Chippewa Correctional Facility in Kincheloe, Michigan, where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the

2

motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file an answer to the amended habeas petition within one hundred and eighty days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See*

*Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## ORDER

Based on the foregoing, the Petitioner's request to reinstate his habeas application to the Court's active docket is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption is amended to reflect that the respondent is now Gregory McQuiggin.

IT IS FURTHER ORDERED That Petitioner's motion to amend the petition for writ of habeas corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus [Court Dkt. # 24] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer to the amended habeas corpus petition and the Rule 5 materials within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

**SO ORDERED.**

    S/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: November 2, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 2, 2010.

S/Denise Goodine,
Case Manager