UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE JAMIL,

    Petitioner,                                      Civil No. 00-CV-73826-DT
                                                        HONORABLE PAUL D. BORMAN
v.                                                      UNITED STATES DISTRICT JUDGE

GREGORY McQUIGGIN,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY.**

Mike Jamil, ("Petitioner"), presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel Dennis A. Johnston, in which he challenges his conviction for one count of second degree murder, M.C.L.A. 750.317, and one count of felony-firearm. M.C.L.A. 750.227b. This matter is before the Court on respondent's motion for summary judgment, in which he asks this Court to dismiss the petition as untimely. Petitioner's counsel has filed a response to the motion for summary judgment. For the reasons set forth herein, the Court agrees with respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

**I. Procedural History**

Petitioner was found guilty of the above offenses following a jury trial in the Wayne County Circuit Court. Direct review of petitioner's conviction in the Michigan courts ended on May 25, 1999, when the Michigan Supreme Court denied petitioner leave to appeal following

1

the affirmance of his conviction on his direct appeal by the Michigan Court of Appeals. *People v. Jamil,* 459 Mich. 994; 595 N.W. 2d 850 (1999).

Petitioner filed a petition for writ of habeas corpus with this Court on August 25, 2000, although the petition was signed and dated August 17, 2000. [1] On March 30, 2001, this Court dismissed the petition without prejudice because petitioner had failed to exhaust all of his claims with the state courts. This Court further indicated that petitioner could move for reinstatement of his petition within 60 days of the issuance of a final decision on his post-conviction motion by the Michigan Supreme Court.

On February 17, 2009, petitioner, through his current counsel, filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq*. After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, collateral proceedings in the state courts ended on July 26, 2010, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Jamil,* 487 Mich. 853, 785 N.W.2d 151 (2010).

On September 22, 2010, petitioner, through his counsel, filed a motion to reinstate the petition for writ of habeas corpus and to file an amended petition. This Court granted the motion for reinstatement, amended the caption, and ordered respondent to file an answer to the petition for writ of habeas corpus. *Jamil v. McQuiggin*, No. 00-cv-73826, 2010 WL 4530368 (E.D. Mich. November 2, 2010).

On May 2, 2011, respondent filed a motion for summary judgment. Petitioner filed a

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his original habeas petition on August 17, 2000, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

response to the motion on June 20, 2011.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Michigan Supreme Court denied petitioner's application for leave to appeal on May 25, 1999. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v.*

*Quarterman*, 129 S. Ct. 681, 685 (2009).  Petitioner's judgment therefore became final on August 25, 1999, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than August 25, 2000 in order for the petition to be timely filed.

The Court recognizes that petitioner's initial habeas petition was filed with this Court on August 17, 2000, after three hundred and fifty seven days in the one year limitations period had already expired.  On March 30, 2001, this Court dismissed the petition without prejudice because petitioner had failed to exhaust one of the claims contained in his original petition.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

4

In this case, petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period. Petitioner filed his motion for relief from judgment with the trial court on February 17, 2009, almost eight years after his first petition for writ of habeas corpus was dismissed without prejudice. Because petitioner waited almost eight years following the dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he is not entitled to equitable tolling of the limitations period. *See Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003)(petitioner not entitled to equitable tolling of the limitations period when he waited more than six months following the dismissal of his first habeas petition to file his state post-conviction petition). The instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;
(2) the petitioner's lack of constructive knowledge of the filing requirement;
(3) diligence in pursuing one's rights;
(4) absence of prejudice to the respondent; and,
(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-

5

09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.  A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner first argues that the statute of limitations should be equitably tolled because this Court dismissed his original habeas petition without setting a specific deadline within which petitioner should file his post-conviction motion with the state courts or in employing the stay and abeyance procedure that was subsequently enunciated in *Rhines v. Weber,* 544 U.S. 269 (2005).

In dismissing the original petition, this Court indicated its concern that petitioner might be precluded pursuant to the AEDPA's one year statute of limitations from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.  The Court noted in its opinion and order of summary dismissal that petitioner had filed his original habeas petition after three hundred and fifty seven days of the one year limitations period had already expired.  Although noting that the time during which petitioner's application for state post-conviction relief was pending in the state courts would not be counted towards the AEDPA's one year period of limitation, the Court observed that petitioner would only have eight days remaining following any denial of postconviction relief by the Michigan Supreme Court to re-file his petition with this Court in order to comply with the statute of limitations. *Jamil v. Price,* U.S.D.C. No. 00-73826, * 4-5 (E.D. Mich. March 31, 2001).  The Court then indicated the following:

> To avoid petitioner being prejudiced by this dismissal, the Court will therefore permit petitioner to retain the present case number and original filing date of the current habeas petition to foreclose any possibility that petitioner would be time barred from seeking federal habeas relief after returning to the state courts to exhaust this claim. Petitioner shall therefore be allowed leave to file a motion for reinstatement of his habeas petition within 60 days after the issuance of a final decision on his post-conviction motion by the Michigan Supreme Court. If no such timely motion for reinstatement is filed by the end of the sixty day period following the Michigan Supreme Court's decision, the dismissal order previously entered in this case will become final on the next court date.

*Id.,* at p. 5 (internal citations and quotations omitted).

Petitioner is not entitled to equitable tolling because of this Court's failure to set a deadline upon which he was required to return to the state courts to initiate post-conviction proceedings. Petitioner was advised by this Court in its original opinion and order of summary dismissal that three hundred and fifty seven days had already elapsed on the one year statute of limitations and that he only had eight days remaining to file a state post-conviction motion for relief from judgment. Petitioner was made aware that his habeas petition was subject to the dicates of the AEDPA's one year limitations period. In light of this Court's reference to the one year limitations period in the original opinion and order of summary dismissal, it was simply not reasonable for petitioner to believe that he could wait almost eight years following the dismissal of his original habeas petition before filing his post-conviction motion with the state courts. *See Huey v. Smith*, 199 Fed. Appx. 498, 501 (6th Cir. 2006)(Habeas petitioner's lack of knowledge of the filing deadline did not equitably toll the statute of limitations to file petition for habeas corpus; it was not reasonable for petitioner to believe that the one-year statute of limitations would be tolled for 13 months after his initial petition was dismissed prior to the filing of a motion for post-conviction relief in state court). Although the opinion and order of summary dismissal did not give petitioner a set deadline to return to the state court to initiate state post-

conviction proceedings, "he should have been aware that, under [the]AEDPA, he had only one year to file a habeas petition and that, at the very least, time was of the essence in going to and from state court." *Id.* at 502. Petitioner's almost eight year delay in filing his state post-conviction motion following the dismissal of his original habeas petition demonstrates a lack of diligence that precludes equitable tolling.

Petitioner next contends that he should be entitled to equitable tolling because he claims that he does not understand the English language, in that he was born in Iraq in 1956 and came to this country in 1982, where he spent most of his time working for, or associating with, fellow Chaldean-Americans, whom petitioner claims that he conversed with almost solely in Arabic.

The Sixth Circuit has noted that courts that have considered this issue have rejected the argument that an inability to speak or to understand the English language provides a basis for a court to equitably toll the AEDPA's limitations period. *See Cobas v. Burgess,* 306 F. 3d 441, 443 (6th Cir. 2002):

> An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas,* 306 F. 3d at 444.

Petitioner has failed to show that he was unable to communicate in English at the time of his direct appeal, the filing of his first petition, or in the eight years following the dismissal of his original petition to entitle him to equitable tolling on this basis. Although petitioner has attached affidavits to his state post-conviction motion for relief from judgment, in which he and other persons claim that he did not sufficiently comprehend the English language at the time of his trial, this Court notes that petitioner testified on his own behalf at his trial without the assistance

8

of an interpreter and responded appropriately to questions from his defense counsel and the prosecutor. (Tr. 4/21/1997, pp. 117-179). At sentencing, when the judge asked petitioner if he wished to say anything on his own behalf, petitioner replied, "My lawyer, he said it." When advised again by the judge that petitioner had a right to say whatever he wanted to the judge, petitioner replied "No." (Tr. 5/9/1997, pp. 4-5). After the Michigan Court of Appeals affirmed petitioner's conviction, petitioner filed a *pro se* application for leave to appeal with the Michigan Supreme Court. There is no indication that anyone assisted petitioner with this application, in which petitioner actually added several new claims that he wanted the Michigan Supreme Court to consider that had not been raised by his appellate counsel on his direct appeal before the Michigan Court of Appeals. Petitioner also filed his first habeas petition with this Court. Petitioner has not shown that he was so deficient in his English language skills that he was unable to comply with the AEDPA's one year statute of limitations. Because petitioner could communicate in English at the time of trial, direct appeal, and the filing of the original petition, he is not entitled to equitable tolling. *Cobas,* 306 F. 3d at 444.

Moreover, a non-English-speaking habeas petitioner who seeks equitable tolling of the one-year limitations period on the ground that language barriers prevented him from timely filing his habeas petition " must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F. 3d 1065, 1070 (9th Cir. 2006). Petitioner has not alleged that during the eight years following the dismissal of his original petition he made any attempts to procure either legal materials in Arabic or translation assistance from Arabic speaking family members,

friends, inmates, or other sources.

Petitioner next contends that the limitations period should be equitably tolled because he was ignorant of the law and did not know how to exhaust his state court remedies. Ignorance of the law alone is insufficient to warrant equitable tolling. *See Allen v. Yukins,* 366 F. 3d 396, 403 (6th Cir. 2004). An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas,* 306 F. 3d at 444. Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002)(internal citations omitted). In any event, this Court indicated in the opinion and order of summary dismissal this petitioner's " method of properly exhausting this remaining claim in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502." *Jamil v. Price,* U.S.D.C. No. 00-73826, * 4.

Petitioner lastly argues that the limitations period should be equitably tolled because petitioner needed time to retain the services of a lawyer to help him prepare his post-conviction motion. Petitioner is not entitled to equitable tolling for the time spent seeking to retain the services of an attorney to assist him with his motion for relief from judgment, because there is no constitutional right to the assistance of counsel in post-conviction proceedings. *See Jagodka v. Lafler,* 148 F. App'x. 345, 347 (6th Cir. 2005)(citing *Coleman v. Thompson*, 501 U.S. 722, 757, (1991)).

Finally, to the extent that petitioner is arguing lack of prejudice in support of equitable tolling, absence of prejudice to a respondent is a factor to be considered by a federal court on

habeas review only after a factor which might justify equitable tolling is identified. *See Vroman v. Brigano,* 346 F. 3d 598, 605 (6th Cir. 2003).

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### III. Conclusion

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: July 19, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 19, 2011.

                                                S/Denise Goodine
                                                Case Manager