UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE JAMIL,

    Petitioner,                                  Civil No. 00-CV-73826-DT
                                                 HONORABLE PAUL D. BORMAN
v.                                         UNITED STATES DISTRICT JUDGE

GREGORY McQUIGGIN,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DENYING AS MOOT THE MOTION TO REMOVE CURRENT COUNSEL AND TO PROCEED *IN PRO PER*

On July 19, 2011, the Court summarily denied petitioner's habeas application on the ground that the petition had not been filed in compliance with the one year limitations period for filing habeas petitions found in 28 U.S.C. § 2244(d). The Court also denied petitioner a certificate of appealability. *Jamil v. McQuiggin*, No. 00-cv-73826, 2011 WL 2847708 (E.D. Mich. July 19, 2011).

Petitioner has now filed a motion for reconsideration and a motion to remove his current counsel and to proceed in *pro per*. For the reasons stated below, the motion for reconsideration is **DENIED** and the motion to remove current counsel is **DENIED AS MOOT**.

Eastern District of Michigan Local Rule 7.1 (h) permits a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which

1

is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

The majority of arguments made by petitioner in his motion for reconsideration were considered by this Court, either expressly, or by reasonable implication, when the Court summarily dismissed his petition for writ of habeas corpus on the ground that petitioner had failed to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). To the extent that petitioner is merely presenting issues which were already ruled upon when the Court summarily dismissed his petition for writ of habeas corpus, the motion for reconsideration will be denied. *See Hence v. Smith*, 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

In his motion for reconsideration, petitioner for the first time argues that the limitations period should be equitably tolled because he and his family on October 10, 2001 retained an attorney named Russell L. Swarthout to file a state post-conviction motion for relief from judgment with the state court, but that Swarthout failed to do so and instead "stalled and manipulated Petitioner and his family" for almost five years. Petitioner ultimately filed a request for investigation against Swarthout, which lead to Mr. Swarthout's suspension from the practice of law by the Michigan Attorney Disciplinary Board on July 18, 2006. The Board also ordered Swarthout to reimburse petitioner the retainer fee. Petitioner further claims, again for the first time in his motion for reconsideration, that he then retained his current counsel, Dennis A. Johnston, in September of 2006 to file a state post-conviction motion for relief from judgment on his behalf, but that Johnston likewise took almost two and a half years to file the motion for relief from judgment with the state court.

To the extent that petitioner is attempting to raise new arguments to support the tolling of the one year limitations period, he would not be entitled to do so. Petitioner is not entitled to raise new arguments in support of equitable tolling in his motion for reconsideration. In general, a motion for reconsideration is not considered an appropriate vehicle for a party to raise new facts or arguments. *See United States v. A.F.F.,* 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). A motion to reconsider "[s]erves the limited purpose of allowing a court to correct manifest errors of law or fact. A motion to reconsider should be used neither to introduce new evidence that was available during the original consideration nor to introduce new legal theories." *Carlson v. Reno,* 56 F. Supp. 2d 997, 998 (N.D. Ill. 1999)(internal citation omitted). Arguments which are raised for the first time by a party in a motion for a reconsideration "ought not to be entertained unless there is a credible showing why the argument could not have been raised previously." *United States v. A.F.F.,* 144 F. Supp. 2d at 813. A tolling argument cannot be raised for the first time in a motion for reconsideration. *See Landrau-Romero v. Banco Popular De Puerto Rico,* 212 F. 3d 607, 612 (1st Cir. 2000). Even if petitioner had valid arguments for tolling the one year limitations period, these arguments should have been raised in his initial response to respondent's motion for summary judgment and cannot be raised belatedly in a motion for reconsideration. *See Woodrum v. Thomas Memorial Hospital Foundation, Inc.,* 186 F.R.D. 350, 352 (S.D. W. Va. 1999)(Rule 59e motion to alter or amend judgment "is not the time to revisit and reinvent tolling arguments ostensibly based on Plaintiff's excusable ignorance").

Moreover, the main problem with petitioner's equitable tolling argument is that the one year limitations period had already expired by the time that petitioner retained Mr. Swarthout to file a post-conviction motion for relief from judgment with the state courts. When petitioner filed his

original petition for writ of habeas corpus with this Court on August 17, 2000, three hundred and fifty seven days of the one year limitations period had already expired. This Court summarily dismissed without prejudice the original petition on March 30, 2001. Petitioner had only eight days remaining under the statute of limitations, or until April 7, 2001. Petitioner did not retain Mr. Swarthout as his attorney until October 10, 2001, after the limitations period had already expired. Therefore, the almost five year period during which Mr. Swarthout failed to file petitioner's post-conviction motion with the state courts occurred after the limitations period had run under § 2244(d). Likewise, petitioner retained his current counsel, Dennis A. Johnston, in September of 2006, again after the limitations period had expired. Any delays on Mr. Johnston's part in filing the motion for relief from judgment with the state court happened after the one year limitations period had run.

Equitable tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *See also Pinson v. Boynton*, No. 09-cv-13640, 2010 WL 3245405, at *4 (E.D. Mich. August 17, 2010). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.*, 117 F. Supp. 2d 434, 441 (D.N.J. 2000). Because the one year limitations period had already expired prior to the time that petitioner had retained either Mr. Swarthout or Mr. Johnston to represent him in his state post-conviction proceedings, any failure on Mr. Swarthout's part to file a post-conviction motion on petitioner's behalf or any delays by Mr. Johnston in filing the state post-conviction motion would not entitle petitioner to equitable tolling of the limitations period. Petitioner is not entitled to reconsideration of this Court's summary dismissal order, because he has failed to show that reconsideration of the opinion and order of summary dismissal would result in a different disposition of the case. *Sigma Financial Corp.*, 200 F. Supp. 2d at 715. The

Court will deny the motion for reconsideration.

Petitioner has also moved this Court to remove his counsel of record and permit him to proceed *in pro per*. In light of the fact that this Court has considered the arguments raised by petitioner in his *pro per* motion for reconsideration and has found them to be without merit, the Court will deny as moot petitioner's motion to remove his counsel and to proceed *in pro per*. See *Bicaksiz v. U.S.*, 234 F. Supp. 2d 202, 206-07 (E.D.N.Y. 2002).

**ORDER**

**IT IS ORDERED** that Petitioner's motion for reconsideration [Court Docket Entry # 33] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to remove current counsel and to proceed *in pro per* [Court Docket Entry # 34] is **DENIED AS MOOT.**

**SO ORDERED.**

_____
PAUL D. BORMAN                              UNITED STATES DISTRICT COURT

Dated: 9-19-11